**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| MORGANS GROUP LLC, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | **CIVIL ACTION NO. 4:19-cv-02809** |
| | § | |
| OXBERRY GENERAL, L.L.C., | § | |
| OXBERRY FINANCIALS, LTD., | § | |
| PEJMAN JAMEA, SHAHIN JAMEA, | § | **JURY TRIAL DEMANDED** |
| DOCUMENTED TRANSACTIONS, INC. | § | |
| and DOES 1-10, | § | |
| | § | |
| Defendants. | § | |

**ORIGINAL COMPLAINT**

Plaintiff Morgans Group LLC ("Plaintiff" or "Morgans"), by and through its undersigned

attorneys, as and for its Complaint against Defendants Oxberry General, L.L.C. (sometimes d/b/a

Oxberry Group), Oxberry Financials, Ltd., Pejman Jamea, Shahin Jamea, Documented

Transactions, Inc. and DOES 1-10 (collectively, "Defendants"), alleges as follows:

**NATURE OF THE ACTION**

1.      Plaintiff is a renowned operator of premier hotels, condominiums and properties

throughout the United States and internationally.  Among its many properties, Plaintiff owns,

operates and/or developed its well-known and critically acclaimed MONDRIAN condominium

and MONDRIAN hotels at multiple locations, including, but not limited to, in New York, Los

Angeles, and South Beach.

2.      Plaintiff's MONDRIAN properties have enjoyed widespread unsolicited media

attention as a result of their success, including articles in the *Houston Chronicle*, *The New York

Times*, *The Los Angeles Times* and *The Wall Street Journal*.   An unsolicited article from the

*Houston Chronicle* published in 2013 praised Plaintiff's MONDRIAN brand by stating that "there's perhaps no better way to live it up than by hitting one of the slick Morgans Hotels: Delano, Mondrian and Shore Club."

3.      Plaintiff markets and promotes its MONDRIAN properties throughout the United States, including online and in print media, and has expended substantial time, resources and effort to develop and obtain a strong reputation in the marketplace and enormous goodwill in its federally registered MONDRIAN mark.

4.      Plaintiff regularly expands its MONDRIAN brand to new locations.  Plaintiff has current plans to develop and operate MONDRIAN properties in additional cities throughout the United States and internationally.

5.      Plaintiff's MONDRIAN properties have been awarded numerous awards and accolades over the years, including having one of its properties recently named "Best Luxury Design Hotel" at the 2018 World Luxury Hotel Awards.  For over 20 years, individuals have recognized Plaintiff's MONDRIAN properties for their authenticity, sophistication and innovation.

6.      Years after Plaintiff opened its first MONDRIAN condominium in the United States, Defendants opened a condominium in 2018 called MONDRIAN.

7.      Defendants opened the MONDRIAN condominium more than two decades after Plaintiff opened its first MONDRIAN hotel and nearly two decades after Plaintiff registered the MONDRIAN mark with the United States Patent and Trademark Office for use in connection with the development of mixed-use hotel, condominium and commercial properties.

8.      Defendants self-describe their MONDRIAN condominium as a "[l]uxury 20-unit mid-rise condominium in the Museum District in Houston, Texas" with prices beginning at $1.3

million and exceeding $3 million and featuring three- and four-bedroom units that average about 3,000 square feet.   Upon information and belief, Defendants developed their MONDRIAN condominium at the former site of the John C. Freeman Weather Museum, which operated out of a historic 1930s-era house, which Defendants demolished in September 2016 to build the MONDRIAN condominium.

9.    Plaintiff brings this action based on trademark infringement and dilution, among other claims, as a result of Defendants' unauthorized use of Plaintiff's registered MONDRIAN mark.

## JURISDICTION AND VENUE

10.    This case is a civil action arising under the Lanham Act, 15 U.S.C. §§ 1051, *et seq*. This Court has subject matter jurisdiction pursuant to 15 U.S.C. § 1121, and 28 U.S.C. §§ 1331 and 1338(a) and (b).

11.    This Court has supplemental jurisdiction over this action pursuant to 28 U.S.C. § 1367.

12.    Venue is proper in this court pursuant to 28 U.S.C. § 1391(b) and (c) because upon information and belief Defendants may be found in the Southern District of Texas and a substantial part of the events giving rise to the claims herein occurred in this Judicial District.

13.    This Court has personal jurisdiction over Defendants because Defendants transact business and have other related activities within the Southern District of Texas; Defendants regularly do and solicit business and derive substantial revenue from doing business in this Judicial District; Defendants' condominium that is the subject of this litigation is located in this Judicial District; Defendants' services that are the subject of this litigation are and have been rendered in this Judicial District; and the claims alleged in this action arose in this Judicial District.

## PARTIES

14.     Plaintiff Morgans Group LLC is a limited liability company duly organized and existing pursuant to the laws of the State of Delaware with a principal place of business located at 131 Spring Street, New York, New York 10012.

15.     Upon information and belief, defendant Oxberry General, L.L.C. (sometimes d/b/a Oxberry Group) is a limited liability company duly organized and existing pursuant to the laws of the State of Texas with a registered office located at 8 Greenway Plaza, Ste. 210, Houston, Texas 77046.

16.     Upon information and belief, defendant Oxberry Financials, Ltd. is a limited company duly organized and existing pursuant to the laws of the State of Texas with a principal place of business and registered office street address located at 2401 Main Street, Ste. 100, Houston, Texas 77002.

17.     Upon information and belief, defendant Pejman Jamea is an individual doing business in this judicial district at 8 Greenway Plaza, Ste. 210, Houston, Texas 77046.

18.     Upon information and belief, defendant Shahin Jamea is an individual doing business in this judicial district at 8 Greenway Plaza, Ste. 210, Houston, Texas 77046.

19.     Upon information and belief, defendant Documented Transactions, Inc. is a corporation duly organized and existing pursuant to the laws of the State of Texas with a principal place of business located at 2401 Main Street, Ste. 100, Houston, Texas 77002.

20.     Upon information and belief, Oxberry General, L.L.C. (sometimes d/b/a Oxberry Group), Oxberry Financials, Ltd., Pejman Jamea, Shahin Jamea, Documented Transactions, Inc. and Does 1 through 10, inclusive, and each of them, were the agents, joint venturers, partners, representatives, or employees of each other and, in doing the things alleged herein, were acting

4

within the course, purpose, and scope of their agency, joint venture, partnership, representation, or employment.  The acts, omissions, and conduct alleged herein of each such Defendant were known to, authorized, and ratified by each such other Defendant.  It is further alleged, in the alternative, that some or each of the Defendants acted at times independently of all other Defendants to cause damage and injury to Plaintiff.

21.     Plaintiff is presently unaware of the true names and capacities of the defendants sued herein as Does 1 through 10, inclusive, and therefore sues each of those defendants by fictitious names.  Plaintiff will seek leave to amend this Complaint to allege the true name and capacity of each Doe defendant when ascertained.  For convenience, all references herein to "Defendants" shall be deemed to include all fictitiously named defendants, and each of them, unless otherwise specifically alleged.  Upon information and belief, Plaintiff alleges that each Doe defendant is, in some manner, legally responsible for the acts alleged in this Complaint and has proximately caused harm and injury to Plaintiff.

22.     All references herein to "Defendants" shall be deemed to include all Defendants, and each of them, unless otherwise specifically alleged.

## FACTS

### A.     Plaintiff and Its Famous MONDRIAN® Trademark

23.     Plaintiff is a renowned operator of premier hotels and properties throughout the United States and internationally.  Among its many properties, Plaintiff owns and operates its well-known and critically-acclaimed MONDRIAN hotels at multiple locations, including, but not limited to, in New York, Los Angeles, and Miami.

24.     Plaintiff is widely credited as the creator of the first "boutique" hotel and since its founding in the 1980s, Plaintiff has been the recipient of several awards in recognition of the high-

quality services provided at its luxury properties, including its MONDRIAN properties that first opened in 1996.

25.     Plaintiff's MONDRIAN properties have enjoyed widespread unsolicited media attention as a result of their success, including articles in the *Houston Chronicle*, *The New York Times*, *The Los Angeles Times* and *The Wall Street Journal*.

26.     Plaintiff has invested enormous resources in promoting and providing its services under and in connection with the MONDRIAN mark and has developed considerable consumer recognition and goodwill in its MONDRIAN mark, and the MONDRIAN mark is now among Plaintiff's most valuable commercial assets.

27.     In addition to the strong, nationwide common law rights Plaintiff has developed in the MONDRIAN mark through its continuous use of that mark since 1996, Plaintiff owns an incontestable federal trademark registration for the MONDRIAN mark, Reg. No. 2,219,088, for use in connection with Class 42 hotel and restaurant services, and an incontestable federal trademark registration for the MONDRIAN mark, Reg. No. 3,833,225, for use in connection with Class 36 "real estate management services in connection with condominium and hotel properties," Class 37 "real estate development services, namely, the development of mixed use hotel, condominium and commercial properties" and Class 43 "providing temporary accommodations; hotel, bar and restaurant services; providing a website for making hotel and restaurant reservations; making hotel and restaurant reservations for others; providing personalized information about hotels via the internet; providing information in the field of restaurant dining via the internet; providing social meeting, banquet, social function, conference, exhibition and meeting facilities; catering services; spa services, namely, providing temporary accommodations and meals to clients of a health or beauty spa; consulting services in the field of hospitality."  True

6

and correct copies of Plaintiff's registration certificates and USPTO TSDR reports showing the status and title of these registrations are attached hereto as Exhibit A.  Plaintiff's MONDRIAN mark shall hereinafter be referred to as the "MONDRIAN Mark."

28.     Over the course of the past decade, the MONDRIAN Mark has become famous and serves to identify Plaintiff as the sole source of high-quality hotel and restaurant services rendered under the MONDRIAN Mark.

29.     Plaintiff has achieved a prominent position in the hotel and restaurant industry, attributable to its successful MONDRIAN establishments and the high quality of and significant demand for services rendered under the MONDRIAN Mark.  The strength of the MONDRIAN brand is reflected in the exponential sales growth of Plaintiff's MONDRIAN establishments.

30.     The goodwill associated with the MONDRIAN Mark is an unquantifiable commercial asset.  By virtue of the wide renown acquired by the MONDRIAN Mark, combined with the extensive sales at Plaintiff's MONDRIAN establishments and marketing of services under the MONDRIAN Mark, the MONDRIAN Mark has acquired secondary meaning in the mind of the purchasing public and has become famous.

**B.     Defendants' Infringing Actions**

31.     Upon information and belief, Defendants are the owners and operators of the MONDRIAN condominium building located at 5104 Caroline Street, Houston, Texas 77004.

32.     Upon information and belief, more than two decades after Plaintiff opened its first MONDRIAN establishment, Defendants opened their MONDRIAN establishment in 2018.

33.     Defendants use the MONDRIAN mark in connection with services that are closely related to the services offered by Plaintiff.

34.     In addition to Defendants using the MONDRIAN term as a standalone mark, Defendants use the following MONDRIAN marks: (i) THE MONDRIAN; (ii) THE MONDRIAN AT THE MUSEUMS; and (iii) MONDRIAN HOUSTON.

35.     Defendants display the MONDRIAN mark along with a geometric design mark that is similar to geometric design marks that Plaintiff uses in connection with its MONDRIAN Mark.

36.     Defendants' use of the MONDRIAN mark and a geometric design mark in connection with related services is likely to cause consumers to mistakenly believe that Defendants' condominium is operated by Plaintiff, or, at the very least, that the services rendered by Defendants under the MONDRIAN mark are affiliated with or somehow associated with Plaintiff.

37.     Upon information and belief, Plaintiff and Defendants target the same customers.

38.     Upon information and belief, Defendants own and/or operate the domain <mondrianhouston.com>.

39.     Upon information and belief, Defendants promote the MONDRIAN condominium through the website located at <mondrianhouston.com>.

40.     Upon information and belief, Defendants own and/or operate social media accounts that use the MONDRIAN mark, including, but not limited to, the Facebook page located at <facebook.com/mondrianhouston>, the Twitter account located at <twitter.com/mondrianhouston>, the Instagram account located at <instagram.com/mondrianhouston> and the Vimeo account located at <vimeo.com/oxberrygroup>.

41.     On April 3, 2019, Plaintiff sent a cease and desist letter to Defendants requesting that they cease and desist their use of the MONDRIAN mark.

42.     Despite receiving this letter, Defendants refused to comply with Plaintiff's requests set forth in the April 3, 2019 letter and went further by continuing use of MONDRIAN as a standalone mark in connection with closely related services.  Indeed, Defendants were on full notice of Plaintiff's objections to Defendants' use of the MONDRIAN mark many months before Defendants sold all of the units at their condominium.

43.     Plaintiff has never authorized Defendants to use the MONDRIAN mark.

**C.     Plaintiff Is Suffering Irreparable Harm**

44.     Defendants have undertaken activities in connection with the promotion and rendering of services that are likely to cause consumer confusion as to the source or origin of their services.

45.     Defendants' use of the MONDRIAN mark in connection with the services described herein is likely to mislead consumers by giving the false impression that Plaintiff is associated with Defendants and their services, when in fact it is not.

46.     The likelihood of confusion, mistake, and deception created by Defendants' rendering of services in connection with the MONDRIAN mark, as well as the dilution of Plaintiff's MONDRIAN Mark by such services, are causing irreparable harm to Plaintiff and the goodwill associated with Plaintiff's MONDRIAN brand name.

47.     Upon information and belief, Defendants know, and at all relevant times should have known, that consumers are likely to believe that Defendants' services rendered in connection with the MONDRIAN mark are authorized, sanctioned or licensed by Plaintiff, even though they are not.

48.     Upon information and belief, Defendants undertook the actions described herein with the deliberate intent to create confusion as to the source, sponsorship and quality of Defendants' services and to dilute the distinctiveness of Plaintiff's MONDRIAN Mark.

49.     Upon information and belief, Defendants undertook the actions described herein to mislead consumers into believing that Plaintiff has endorsed, sponsored or is somehow associated with Defendants' unauthorized services.

50.     Defendants' conduct described herein is intentional, willful and wanton.

51.     Defendants' conduct has injured Plaintiff, and if not enjoined, will continue to injure Plaintiff.

52.     Defendants' unlawful actions described herein commenced many years after Plaintiff began using the MONDRIAN Mark in connection with related services, many years after the MONDRIAN Mark achieved worldwide fame, and many years after Plaintiff registered its MONDRIAN Mark in the United States.

53.     Plaintiff will suffer irreparable harm to its business reputation and the goodwill associated with the MONDRIAN Mark and brand because it has no control over Defendants' services.

54.     Plaintiff will also suffer irreparable harm because Defendants' use of the MONDRIAN mark dilutes the distinctiveness of Plaintiff's famous MONDRIAN Mark.

55.     Defendants' deceptive conduct is harming the public in addition to harming Plaintiff and the MONDRIAN brand.

## FIRST CAUSE OF ACTION
## FEDERAL TRADEMARK INFRINGEMENT
## 15 U.S.C. § 1114

56.     Plaintiff hereby repeats and realleges the foregoing Paragraphs of the Complaint as if fully set forth herein.

57.     Plaintiff owns right, title and interest in and to the MONDRIAN Mark and is the owner of two incontestable U.S. registrations for the MONDRIAN Mark.  *See* Ex. A.

58.     Plaintiff enjoys strong common law rights in the MONDRIAN Mark by virtue of its long and continuous use of the mark in U.S. commerce.

59.     Plaintiff has expended substantial time, resources and effort to develop and obtain a strong reputation in the marketplace and enormous goodwill in the MONDRIAN Mark.

60.     Defendants have used in commerce, without Plaintiff's permission, the MONDRIAN mark in a manner that is likely to cause either or both of the following: (i) confusion among consumers as to the source of Defendants' services or (ii) a mistaken belief among consumers to the effect that there is an affiliation, connection, approval, sponsorship, or association of Plaintiff or Plaintiff's services and commercial activities, on the one hand, with Defendants or Defendants' respective services, or commercial activities, on the other hand.

61.     Defendants' acts constitute infringement of the registered MONDRIAN Mark under 15 U.S.C. § 1114.

62.     As a direct and proximate result of Defendants' wrongful acts, Plaintiff has and will suffer irreparable damage to its MONDRIAN Mark, business reputation, and goodwill. Plaintiff has no adequate remedy at law and is entitled to an injunction restraining Defendants, their respective officers, agents, and employees, and all persons acting in concert with Defendants, from engaging in further acts of infringement.

## SECOND CAUSE OF ACTION
## FEDERAL UNFAIR COMPETITION AND
## FALSE DESIGNATION OF ORIGIN
## 15 U.S.C. § 1125(a)

63.     Plaintiff hereby repeats and realleges the foregoing Paragraphs of the Complaint as if fully set forth herein.

64.     Plaintiff owns right, title and interest in and to the MONDRIAN Mark and is the owner of two incontestable U.S. registrations for the MONDRIAN mark.  *See* Ex. A.

65.     Plaintiff enjoys strong common law rights in the MONDRIAN Mark by virtue of its long and continuous use of the mark in U.S. commerce.

66.     Plaintiff has expended substantial time, resources and effort to develop and obtain a strong reputation in the marketplace and enormous goodwill in the MONDRIAN Mark.

67.     Defendants have used in commerce a mark that is identical or substantially similar to Plaintiff's MONDRIAN Mark in connection with services that are closely related to Plaintiff's services.

68.     Defendants' unlawful acts in appropriating rights in the MONDRIAN Mark are and were intended to capitalize on Plaintiff's goodwill for Defendants' own pecuniary gain.

69.     Defendants' unauthorized use of the MONDRIAN mark has caused or is likely to cause confusion as to the source of Defendants' services, all to the detriment of Plaintiff.

70.     Defendants' conduct as alleged herein, including their unauthorized use of the MONDRIAN mark in connection with their services, constitutes a false designation of origin as such conduct is likely to cause confusion or to deceive users and consumers as to the origin, sponsorship, affiliation, connection or association of Plaintiff with Defendants' services.

71.     Defendants' services offered under the MONDRIAN mark are calculated and intended to deceive and are likely to deceive consumers into believing that they are Plaintiff's services or that Plaintiff is associated with the services.

72.     Defendants have chosen to present the MONDRIAN mark in connection with a geometric design mark that is similar to geometric design marks that Plaintiff uses in connection with its MONDRIAN Mark

73.     Upon information and belief, Defendants are capitalizing on and profiting from the likely consumer confusion between their infringing services rendered in connection with the MONDRIAN mark and a geometric design mark, on the one hand, and Plaintiff's services rendered in connection with the MONDRIAN Mark and its geometric design marks, on the other hand.

74.     Plaintiff does not now and has never sponsored or approved or authorized Defendants' use of the MONDRIAN mark, any geometric design mark or other intellectual property.

75.     Upon information and belief, Defendants' conduct is willful, deliberate, and done with the intent to unfairly commercially benefit from the goodwill associated with Plaintiff, Plaintiff's MONDRIAN brand, and Plaintiff's MONDRIAN Mark.

76.     The foregoing acts of Defendants constitute unfair competition and false designation of origin in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

77.     Defendants' unfair competition has caused and is causing great and irreparable harm and damage to Plaintiff, and unless permanently restrained and enjoined by this Court, such irreparable harm will continue.

13

78.     As a direct and proximate result of Defendants' wrongful acts, Plaintiff has and will suffer irreparable damage to its MONDRIAN Mark, business reputation, and goodwill. Plaintiff has no adequate remedy at law and is entitled to an injunction restraining Defendants, their respective officers, agents, and employees, and all persons acting in concert with Defendants, from engaging in further acts of infringement and unfair competition.

### THIRD CAUSE OF ACTION
### FEDERAL TRADEMARK DILUTION
### 15 U.S.C. § 1125(c)

79.     Plaintiff hereby repeats and realleges the foregoing Paragraphs of the Complaint as if fully set forth herein.

80.     Plaintiff owns right, title and interest in and to the MONDRIAN Mark and is the owner of two incontestable U.S. registrations for the MONDRIAN Mark.  *See* Ex. A.

81.     Plaintiff's MONDRIAN Mark is famous and a distinctive mark entitled to protection under 15 U.S.C. § 1125(c).

82.     Plaintiff began using the MONDRIAN Mark to identify its services at least as early as 1996, which is long before Defendants began promoting and rendering services under the MONDRIAN mark.

83.     Plaintiff's MONDRIAN Mark became famous long before Defendants adopted the MONDRIAN mark.

84.     Defendants' use of the MONDRIAN mark is likely to dilute the distinctive quality of Plaintiff's famous MONDRIAN Mark in violation of 15 U.S.C. § 1125(c).

85.     Defendants' acts complained of herein are likely to irreparably damage Plaintiff.

86.     Plaintiff has no adequate remedy at law for such wrongs and injuries.

87.     Plaintiff is entitled to an injunction restraining Defendants, their respective officers, agents, and employees, and all persons acting in concert with Defendants, from promoting and rendering services under the MONDRIAN mark.

## FOURTH CAUSE OF ACTION
## VIOLATION OF ANTI-CYBERSQUATTING CONSUMER PROTECTION ACT
## 15 U.S.C. § 1125(d)

88.     Plaintiff hereby repeats and realleges the foregoing Paragraphs of the Complaint as if fully set forth herein.

89.     Plaintiff owns right, title and interest in and to the MONDRIAN Mark and is the owner of two incontestable U.S. registrations for the MONDRIAN Mark.  *See* Ex. A.

90.     Upon information and belief, Defendant Documented Transactions, Inc. is the registrant of the domain <mondrianhouston.com>.

91.      The domain <mondrianhouston.com> is confusingly similar to Plaintiff's MONDRIAN Mark.

92.     Upon information and belief, Defendant Documented Transactions, Inc. registered the domain <mondrianhouston.com> with the bad faith intent to profit as evidenced by, *inter alia*: (i) its use of the MONDRIAN mark in the domain in willful disregard of Plaintiff's rights; (ii) the domain consists of a distinctive mark that is associated with Plaintiff; (iii) Defendants are using the domain to perpetuate willful trademark infringement; and (iv) Defendants' infringing activities are commercial.

93.     Upon information and belief, Defendants committed these acts alleged herein willfully and with the intent to confuse the public and to injure Plaintiff.

94.     Defendants' acts have caused and are causing great and irreparable harm and damage to Plaintiff, and unless permanently restrained and enjoined by this Court such irreparable harm will continue.

95.     As a direct and proximate result of Defendants' wrongful acts, Plaintiff has suffered and continues to suffer and/or is likely to suffer damage to its trademark, business reputation and goodwill.  Defendants will continue to use, unless restrained, the MONDRIAN mark and/or marks confusingly similar to the MONDRIAN mark and will cause irreparable damage to Plaintiff.  Plaintiff has no adequate remedy at law and is entitled to an injunction restraining Defendants, and their respective officers, agents, and employees, and all persons acting in concert with them, from engaging in further acts of infringement.

96.     Plaintiff is further entitled to recover from Defendants the actual damages that it sustained and/or is likely to sustain as a result of Defendants' wrongful acts.

97.     Plaintiff is further entitled to recover from Defendants the gains, profits and advantages that they have obtained as a result of their wrongful acts.

98.     Because of the willful nature of Defendants' wrongful acts, Plaintiff is entitled to an award of punitive damages under the common law, and treble damages and increased profits under 15 U.S.C. § 1117.

**FIFTH CAUSE OF ACTION**
**COMMON LAW TRADEMARK INFRINGEMENT**
**AND UNFAIR COMPETITION**

99.     Plaintiff hereby repeats and realleges the foregoing Paragraphs of the Complaint as if fully set forth herein.

100.    This is a claim for trademark infringement and unfair competition under common law.

16

101.    Plaintiff owns right, title and interest in and to the MONDRIAN Mark and is the owner of two incontestable U.S. registrations for the MONDRIAN Mark.  *See* Ex. A.

102.    Plaintiff enjoys strong common law rights in the MONDRIAN Mark by virtue of its long and continuous use of the mark in U.S. commerce.

103.    Plaintiff has expended substantial time, resources and effort to develop and obtain a strong reputation in the marketplace and enormous goodwill in the MONDRIAN Mark.

104.    Defendants' acts complained of herein, which are in or affecting commerce, constitute common law trademark infringement and unfair competition.

105.    By virtue of the acts complained of herein, Defendants have willfully and intentionally caused a likelihood of confusion among the purchasing public in this Judicial District and elsewhere, constituting common law trademark infringement and unfair competition.

106.    Defendants' conduct has caused actual and irreparable injuries and damages to Plaintiff.  Such irreparable injuries, for which Plaintiff has no adequate remedy at law, will continue unless Defendants are preliminarily and permanently enjoined by this Court from further violation of Plaintiff's rights.

107.    Defendants' conduct as complained of herein has been egregious, willful, and unscrupulous, and in reckless and wanton disregard of Plaintiff's rights.

108.    Accordingly, only an injunction from this Court can prevent Plaintiff's further irreparable harm at the hands of Defendants.

**WHEREFORE**, Plaintiff respectfully requests the following relief:

A.    That each of Defendants and their parents, subsidiaries and affiliated companies, their respective officers, agents, directors, employees, shareholders and attorneys and those persons in active concert or participation with them who receive actual notice of the injunction

by personal service or otherwise, be preliminarily and permanently restrained and enjoined from using, affixing, offering for sale, selling, advertising, promoting and rendering services in connection with the MONDRIAN mark, or any trade name or mark confusingly similar to the MONDRIAN mark, including (i) THE MONDRIAN; (ii) THE MONDRIAN AT THE MUSEUMS; and (iii) MONDRIAN HOUSTON.

B.      That Defendants and their parents, subsidiaries and affiliated companies, their respective officers, agents, directors, employees, shareholders and attorneys and those persons in active concert or participation with them who receive actual notice of the injunction by personal service or otherwise, be preliminarily and permanently restrained and enjoined from use of any false descriptions or representations or any false designations of origin or from otherwise committing any acts of unfair competition with respect to Plaintiff and the MONDRIAN mark by using the MONDRIAN mark or any trade name or mark confusingly similar to the MONDRIAN mark, including, but not limited to, (i) THE MONDRIAN; (ii) THE MONDRIAN AT THE MUSEUMS; and (iii) MONDRIAN HOUSTON, without the authorization of Plaintiff.

C.      That Defendants and their parents, subsidiaries and affiliated companies, their respective officers, agents, directors, employees, shareholders and attorneys, and those persons in active concert or participation with them who receive actual notice of the injunction by personal service or otherwise, be preliminarily and permanently enjoined from diluting the distinctiveness and goodwill established by Plaintiff in the MONDRIAN mark by using the MONDRIAN mark or any other similar mark including, but not limited to, (i) THE MONDRIAN; (ii) THE MONDRIAN AT THE MUSEUMS; and (iii) MONDRIAN HOUSTON.

D.      That all goods, products, signs, bags, labels, brochures, advertising and promotional material bearing the MONDRIAN mark, including, but not limited to, material

18

bearing (i) THE MONDRIAN; (ii) THE MONDRIAN AT THE MUSEUMS; and (iii) MONDRIAN HOUSTON, in Defendants' possession or subject to Defendants' control or direction be delivered to Plaintiff's counsel for maintenance during the pendency of this action and for destruction upon entry of a Final Judgment.

E.     That Defendants be ordered to report to the Court, in writing under oath with a copy to Plaintiff's attorneys within 30 days of service of notice of any Orders issued hereunder, setting forth in detail the manner and form in which Defendants have complied with any such Order.

F.     That the Court order that Defendants be permanently restrained and enjoined from filing any applications for trademarks that are confusingly similar to or dilutive of Plaintiff's MONDRIAN Mark.

G.     That the Court order that Defendants transfer the domain name <mondrianhouston.com> to Plaintiff.

H.     That the Court order that Defendants deactivate the social media accounts located at <facebook.com/mondrianhouston>, <twitter.com/mondrianhouston>, <instagram.com/mondrianhouston> and <vimeo.com/oxberrygroup> and any other social media accounts incorporating trademarks that are confusingly similar to or dilutive of Plaintiff's MONDRIAN Mark.

I.     That the Court award an accounting to Plaintiff for the gains and profits of Defendants, and that such award be trebled as permitted by 15 U.S.C. § 1117(a).

J.     That the Court award Plaintiff such actual damages as may be proved at trial and that such award be trebled as permitted by 15 U.S.C. § 1117(a).

K.     That Defendants be required to pay Plaintiff its costs in this action, including

reasonable attorneys' fees as authorized by 15 U.S.C. § 1117(a).

      L.     That Plaintiff be granted such other and further relief as the Court deems just and

proper.

## <u>DEMAND FOR A JURY TRIAL</u>

      Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff hereby demands

a trial by jury as to all claims in this litigation.

                                 Respectfully submitted,


                                 By: <u>/s/ Thomas J. Adair</u>
                                 Attorney-in-charge
                                 Texas Bar No. 24047753
                                 S.D. Texas No. 1096168
                                 Email: tom@adairlaw.com

                                 ADAIR LAW GROUP, PLLC
                                 4600 Brook Meadow Lane
                                 Plano, Texas 75093
                                 Telephone: (512) 431-2736
                                 Facsimile: (972) 439-9018

Of Counsel:
Dyan Finguerra-DuCharme
(*pro hac vice admission forthcoming*)
Ryan S. Klarberg
(*pro hac vice admission forthcoming*)
PRYOR CASHMAN, LLP
7 Times Square
New York, New York 10036
Telephone: (212) 421-4100
Facsimile: (212) 326-0806
Email: dfinguerra-ducharme@pryorcashman.com
Email: rklarberg@pryorcashman.com

*Attorneys for Plaintiff Morgans Group LLC*