# Exhibit A

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MORGANS GROUP LLC, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:19-cv-02809 |
| | § | |
| 5104 CAROLINE, L.L.C., | § | |
| OX CAROLINE CONDOS, L.L.C., | § | |
| OXBERRY GENERAL, L.L.C., | § | |
| OXBERRY FINANCIALS, LTD., | § | |
| PEJMAN JAMEA, SHAHIN JAMEA, and | § | |
| DOCUMENTED TRANSACTIONS, INC., | § | |
| | § | |
| Defendants. | | |

Order Protecting Confidentiality

1. *Purpose.* To preserve the legitimate proprietary and privacy interest of sources of information, this order establishes a procedure for disclosing confidential information, protecting it, and challenging it.

2. *Information.* Information includes the contents of documents, testimony, answers to interrogatories, admissions, electronically stored information ("ESI") and data derived from objects other than documents.

3. *Scope.* This order shall govern all documents, information, and ESI produced by any party to this action, whether produced informally or pursuant to a formal discovery request, and shall also include without limitation, documents or information revealed during a deposition, in any interrogatory answer, or otherwise disclosed via discovery. Nothing in this order precludes any party from seeking relief from the Court with regard to the production of documents or information. Nothing in this order shall be construed as an agreement or acknowledgment by the non-producing party that any document, testimony, or other information designated as "Confidential" or "Confidential—Attorneys' Eyes Only" (as those phrases are described herein) is in fact confidential or subject to an attorneys' eyes only restriction.

4. *Condition.* This order covers information that the producing party designates confidential. Materials that contain sensitive information may be designated as "Confidential" or as "Confidential—Attorneys' Eyes Only" when the producing party

reasonably believes those documents or discovery responses contain or constitute valuable confidential, proprietary, trade secret, or otherwise sensitive information.

5. *Procedure.*

   a. *Designation.* To designate information as confidential, a source must mark it or identify it on the record. Either designation may be withdrawn.

   b. *Marking.* The producing party must mark or stamp each page of documents or each significant component of other objects. Any party, including non-parties, will mark deposition and hearing transcripts that contains confidential information. The following marks will be used for Confidential and Confidential-Attorneys' Eyes Only documents, respectively:

   | "CONFIDENTIAL ACCESS RESTRICTED USDC SDTX" | "CONFIDENTIAL ACCESS RESTRICTED ATTORNEYS ONLY USDC SDTX" |
   |---|---|

   c. *Timing.* Documents, ESI, and other objects must be designated before disclosure. Deposition transcripts must be designated within 30 days of receipt; all deposition transcripts are confidential for 30 days after receipt.

   d. *Application.* This order applies to information in this case (a) furnished by parties and non-parties and (b) derived from confidential information.

   e. *Public.* This order does not apply to information that is public.

   f. *Errors.* Accidental disclosure of information does not waive the confidence; those who knowingly receive an inadvertent disclosure must return the information to the producing party immediately and make no use of it.

6. *Who.* Confidential information may be used only by:

   a. The parties, including their officers, directors, employees, and their agents to whom it is necessary that confidential information be shown for purposes of this proceeding;

   b. The Court;

  c.  Court reporters (including audio and video);

  d.  Special masters;

  e.  Mediators;

  f.  Third party witnesses (subject to the execution of the Acknowledgment of Order on Confidentiality);

  g.  Parties' counsel, their employees, and their agents to whom it is necessary that confidential information be shown for purposes of this proceeding;

  h.  Persons employed by any party or by counsel solely for the purpose of assisting in the preparation of this action for trial, including but not limited to experts, their staff, and support personnel to whom it is necessary that confidential information be shown for purposes of assisting in such preparation; and

  i.  Others specifically identified in writing by the producing party.

7. *Attorneys Only.*

  a.  Access may be further restricted by its designation for attorneys only. Only the attorneys for the parties and the producing party may use information designated attorneys only.

  b.  This designation is limited to confidential information that could cause competitive injury-directly or indirectly.

8. *Where.* Confidential information shall be used by the receiving party only for the prosecution or defense of this litigation and only as provided in this order.

9. *How.*

  a.  *Acknowledgment.* Each person given access to designated confidential information shall be advised that the information is being disclosed subject to the terms of this order. To the extent such person is neither a party nor employed by a party, such person shall sign an acknowledgment of this order in a form similar to appendix A before any confidential information is disclosed.

  b.  *Filing.* No pleading will be sealed. If confidential information must be filed, file it under seal as an appendix to the instrument that refers to it. File as little

of the source document as possible. References in the instrument must be sufficiently abstract not to disclose the information.

    c.    *Hearings*

        1.    References to confidential information in pretrial conferences and hearings must be preceded by notice five business days before the court appearance in which that confidential information will be used.

        2.    A party may refer to confidential information at trial on cross-examination or rebuttal after requesting a bench conference.

        3.    The producing party must mark the transcripts within 30 days of receipt; if the producing party is not a party to this litigation, the party using the information must confer with the producing party in the marking.

    d.    *Depositions*. Deposition testimony is automatically confidential when confidence is asserted at any time in the deposition. Deposition transcripts must be designated by the party claiming confidentiality within 30 days of receipt. Additionally, in any deposition in which documents designated as containing confidential information are marked as exhibits, shown to the deponent, or otherwise employed, those documents shall be considered confidential and subject to the provisions of this order.

    e.    *Subpoenas*. If confidential information is subpoenaed, the producing party must notify the parties in writing that the subpoena covers confidential information. The producing party is responsible for protecting subpoenaed information's confidentiality under this order and must respond to the subpoena.

10.    Challenges.

    a.    *Notice and Response.* If a party reasonably believes that information should not be restricted, it must specify to the producing party in writing (a) the data and (b) its grounds for questioning the designation. The producing party must respond in writing within seven business days.

    b.    *Rulings.* If the party is still not satisfied, it may move the court to lift the designation. Until the court rules, the designation subsists. If the court rules that the information should not be restricted, the original designation subsists for five business days.

11. *Return.* This order survives the termination, settlement, or final adjudication of this case, including appeals. Within ninety days of termination, settlement, or final adjudication, all confidential information supplied by the parties and non-parties and all copies thereof shall, upon request, be certified to have been destroyed or deleted. Notwithstanding the foregoing, each party may retain a complete litigation file in the possession or control of counsel, including documents or information that includes confidential information derived.

12. *Dispute.* Any dispute concerning the application of this order shall be heard by the Court upon motion by the objecting party. Any violation of this order may result in sanctions and costs.

Signed on June \_\_\_\_, 2020, at Houston, Texas.

_____
Lynn N. Hughes
United States District Judge

| | |
|---|---|
| UNITED STATES DISTRICT COURT | SOUTHERN DISTRICT OF TEXAS |

Acknowledgment of Order on Confidentiality

| | |
|---|---|
| MORGANS GROUP LLC,<br><br>    Plaintiff,<br><br>    *versus*<br><br>5104 CAROLINE, L.L.C.,<br>OX CAROLINE CONDOS, L.L.C.,<br>OXBERRY GENERAL, L.L.C.,<br>OXBERRY FINANCIALS, LTD.,<br>PEJMAN JAMEA, SHAHIN JAMEA, and<br>DOCUMENTED TRANSACTIONS, INC.,<br><br>    Defendants. | Civil Action 4:19-CV-02809 |

Name: _____

Address: _____

Telephone: _____

Role in Lawsuit:

❏ Consulting Expert          ❏ Testifying Expert

❏ Court Reporter             ❏ Other Witness

        ❏ Aligned with: _____

        ❏ This party: _____

        ❏ This non-party: _____

I have read and acknowledge that I am bound by the order on confidentiality entered in this action.

_____          _____
Signature                                  Date