IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MORGANS GROUP, LLC, | § | |
| Plaintiff, | § § § | |
| v. | § § | CIVIL ACTION NO. 4:19-cv-02809 |
| 5104 CAROLINE, L.L.C., | § § | |
| OX CAROLINE CONDOS, L.L.C. | § | |
| OXBERRY GENERAL, L.L.C., | § | |
| OXBERRY FINANCIALS, LTD., | § | |
| PEJMAN JAMEA, SHAHIN JAMEA, and | § | |
| DOCUMENTED TRANSACTIONS, INC., | § § | |
| Defendants. | § | |

## **DEFENDANTS' RESPONSE IN OPPOISTION TO PLAINTIFF'S MOTION TO COMPEL**

Defendants 5104 Caroline, L.L.C., Ox Caroline Condos, L.L.C., Oxberry General, L.L.C., Oxberry Financials, LTD., Pejman Jamea, Shahin Jamea, and Documented Transactions, Inc., (collectively, "Defendants"), by and through their undersigned counsel, hereby submit their response in opposition to Plaintiff's motion to compel.

## **BACKGROUND**

This is a trademark infringement case arising out of a single condominium project of twenty (20) units in the Museum District of Houston, Texas. The sole owner and, in Defendants' view, the only proper defendant on the facts alleged is 5104 Caroline, L.L.C. Defendants are a small entity with limited resources and are miniscule in size and resources in comparison to Plaintiff. Likewise, the project is relatively small by most standards, has not been financially successful, and is projected to be a significant financial loss for Defendants. Defendants sought an

early mediation to resolve this litigation and changed the name of the condominium project many months ago.

Plaintiff seems to take the position that this is a damages case and that millions of dollars and attorneys' fees are at issue and could be awarded if they prevail at trial. Accordingly, Plaintiff seems to have thrust significant resources and many attorneys on this case. Rather than mediate or negotiation in a reasonable range for the size of the parties and this project that is the subject of this litigation, they have continued to litigate this case as a significant one with millions of damages and attorneys' fees. It has objected at each turn to discovery responses and document production and have forced Defendants to apply resources that they simply cannot afford and do not have to attempt to manage this case the best they can under difficult circumstances. In small cases with parties of limited resources, common sense must be considered when applying the requirements of discovery obligations, what is appropriate for the particular case, and a consideration of the parties' size and resources. Each case is different and appropriate management of the case accordingly. In cases where the parties are small and of limited resources, they should not be held to the same standard as large national or international companies or those with the resources commonly available to the same.

In short, Defendants have done their best to comply with their discovery obligations, respond to Plaintiff's discovery requests, and produce documents all in good faith and consistent with the requirements of the Federal Rules of Civil Procedure. Thereafter, Defendants have done their best to minimize dispute and objections by Plaintiff to the discovery responses. Defendants have communicated with Plaintiff by conferring with opposing counsel at length, twice amended their written responses, agreed to search terms for ESI, and agreed to hire and use an expensive third-party ESI company at over $11,000.00 in costs from that company to conduct the search

(which Defendants believed was unnecessary and unreasonable considering the resources of Defendants and the size of this case), and produced all documents known to Defendants that could be relevant to this case. All these efforts, at great expense for Defendants in light of their size and resources, in an attempt to satisfy Plaintiff's seemingly unreasonable standard for this case. After complying with Plaintiff's requested search terms, spending over $11,000.00 on the third-party ESI company and producing the results, Plaintiff now complains about the results of that production. Defendants have complied with their discovery obligations in good faith and commensurate with this case and the size and resources of Defendants. Accordingly, Plaintiff's motion to compel should be denied in its entirety.

      **A.**      **Defendants Produced All Documents Responsive to the Agreed Search Terms**

Plaintiff initially objected to the process by which Defendants would search and produce responsive documents in this case. The parties through counsel had several phone calls to confer on the process and what Plaintiff would require to comply with their view of Defendants' obligations with respect to ESI, the method of searching, and the production of documents. Defendants as a small entity and in light of the size of this case did not agree that these procedures should be required or applicable. However, in an attempt to minimize dispute and discovery objections and motions, etc., Defendants agreed to hire a third-party ESI discovery company to conduct the search (at over $11,000.00 which is a significant expense to Defendants). Defendants and Plaintiff exchanged a proposed list of search terms to be applied. Frankly, Defendants agreed to Plaintiff's terms and did not object to any of them (despite how broad they were). The ESI Discovery Company applied the search terms for the applicable date range and Defendants produced all that was retrieved (except for attorney client communications). In a joint status report, Defendants stated to the Court:

3

"At the request of Plaintiff, Defendants hired an ediscovery firm, Chorus Consulting, LLC, to perform its production of documents. Chorus applied the parties' agreed search terms and date range of 01/01/2015 - 02/31/2020 and produced the resulting data set pursuant to Plaintiff's ESI protocol instructions. Defendants' production resulted in 32,904 documents comprising 113,000 pages. All electronic data retrieved that matched the specifications was produced (except attorney/client communications). Defendants are not aware of any other documents/data to produce." *See* CM/ECF No. 38.

Plaintiff now complains about the production which was conducted pursuant to their search terms and by a third-party company at over an $11,000.00 cost to Defendants. Defendants produced all documents retrieved in an effort to *minimize if not eliminate* any further objections and discovery disputes by Plaintiff with regard to the production of documents. Defendants are not aware of any further documents/data to produce. In a nutshell, Plaintiff has continued to object to Defendants efforts, which are reasonable through the window of common sense in view of the size of the parties and size of this case. Defendants have communicated with Plaintiff by conferring with opposing counsel at length in good faith, agreed to unreasonably broad ESI search terms without objection, agreed to hire and use an expensive third-party ESI company to conduct the search despite the resources of Defendants and the size of this case, and produced all documents retrieved and known to Defendants that could be relevant to this case. In fact, Defendants efforts were an attempt to minimize dispute, further objections, and increased costs/fees of this case. Defendants have complied with their discovery obligations in good faith and commensurate with this case and the size and resources of Defendants. Plaintiff's motion to compel on this basis should be denied.

**B.     Defendants Answered Interrogatory No. 1**

Consistent with the zealous approach to this case, Plaintiff objected to Defendants responses to seven (7) interrogatories and demanded that Defendants amend their responses to these interrogatories. The parties conferred and, in an effort to minimize this litigation and the

seemingly endless objections by Plaintiff in this case, Defendants did in fact amend their responses to these interrogatories despite how unreasonable, burdensome and/or irrelevant the questions. Plaintiff continued its objections to some, and Defendants amended a second time. Plaintiff continued to object to Defendants' response to Interrogatory No. 1.

Interrogatory No. 1 states:

Describe in detail Defendants' corporate structure, including all parent companies, sister companies, and affiliates, and each of their respective principals.

Defendants' Second Amended Response to Interrogatory No. 1 states:

Subject to the foregoing objections, Defendants state 5104 Caroline, L.L.C. is the developer and sole owner of the project at 5104 Caroline, and the principals are Shahin Jamea and Pejman Jamea. Oxberry Finincials, Ltd is an entity which was terminated by a Certificate of Termination filed on May 5, 2016. Oxberry Financials, Ltd. was a holding company for Shahin Jamea and had no connection or involvement with the 5104 Caroline project. Documented Transactions, Inc. is an entity which was terminated via Certificate of Termination filed on May 5, 2016. Documented Transactions, Inc. previously was used to own and operate a business information website, [www.wysk.com](www.wysk.com), and has no connection with the 5104 Caroline project. Oxberry General, L.L.C. is a management company and the principals are Shahin Jamea and Pejman Jamea. Ox Caroline Condos, L.L.C. is an entity which was formed around December 4, 2019, and it has not conducted business or operated since its formation other than to be listed as the Applicant for U.S. Trademark Application Serial No. 88/677,546. Ox Caroline Condos L.L.C.'s principals are Shahin Jamea and Pejman Jamea.

As stated above, two (2) of the entities sued in this litigation were terminated with the Texas Secretary of State about two (2) years prior to Defendants learning of Plaintiff, receiving any correspondence from Plaintiff, or the filing of the Original Complaint. The two individuals sued did not do any acts outside the course and scope of their employment. 5104 Caroline, L.L.C., Oxberry General, L.L.C., and Ox Caroline Condos, L.L.C. answered the question, too. Defendants respectfully submit that they have answered this interrogatory. Plaintiff does not accept the answer, but that does not change that Defendants have in fact answered the question. When presented with the objection to the answer to Interrogatory No. 1 a third time, Defendants

did not have anything further to add to the answer. If Plaintiff would like more answers or clarifications to any questions, including the present one, Plaintiff certainly is permitted to address those questions or clarifications in Defendants' deposition. This is a common way to clarify any uncertainly a party may have with regard to an otherwise answered interrogatory. At bottom, Defendants answered the question and Plaintiff's motion on this basis should be denied.

## CONCLUSION

For the foregoing reasons, Defendants respectfully requests that the Court deny Plaintiff's Motion to Compel in its entirety.

Dated: October 1, 2020

Respectfully submitted,

By: /s/ Paul S. Beik
PAUL S. BEIK
Texas Bar No. 24054444
S.D. Tex. ID No. 642213
BEIK LAW FIRM, PLLC
8100 Washington Ave., Suite 1000
Houston, TX 77007
T: 713-869-6975
F: 713-868-2262
E-mail: paul@beiklaw.com

**ATTORNEY FOR DEFENDANTS**

**CERTIFICATE OF SERVICE**

      I hereby certify that, on October 1, 2020, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF and that service was perfected on all counsel of record and interested parties through this system.

                                      By: /s/ Paul S. Beik
                                      PAUL S. BEIK