**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| MORGANS GROUP, LLC, | § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. 4:19-cv-02809 |
| 5104 CAROLINE, L.L.C., OX CAROLINE CONDOS, L.L.C., OXBERRY GENERAL, L.L.C., OXBERRY FINANCIALS, LTD., PEJMAN JAMEA, SHAHIN JAMEA, DOCUMENTED TRANSACTIONS, INC., | § § § § § § § § | |
| Defendants. | § | |

**DEFENDANTS' OPPOSED MOTION FOR EXTENSION OF TIME TO COMPLY
WITH DISCOVERY ORDER (CM/ECF # 43(1))**

Defendants 5104 Caroline, L.L.C., Ox Caroline Condos, L.L.C., Oxberry General, L.L.C., Oxberry Financials, LTD., Pejman Jamea, Shahin Jamea, and Documented Transactions, Inc., (collectively, "Defendants"), by and through their undersigned counsel, move for an extension of time to comply with Discovery Order (CM/ECF #43(1). Defendants are a two-person firm comprised of two brothers: Shahin Jamea and Pejman Jamea. Defendants have never done ediscovery before and, despite advice of counsel, did not have a realistic idea of the obligations or more specifically the requirements of ediscovery. Defendants apologize to the Court and ask for relief from the Discovery Order as follows:

The Court entered a Discovery Order and ordered Defendants to (1), by November 1, 2020, to review all documents produced, segregate into relevant and irrelevant groups, and furnish those groupings to Morgans Group, LLC. Second, the Court ordered, by November 1, 2020, in answering interrogatory I, Oxberry General, L.L.C., must furnish, for each company, a separate

1

paragraph, including the assumed name and all bank accounts for which it claims a direct interest and claims an operating interest, and a diagram of how the defendants are interrelated. Defendants served the amended answer to interrogatory I with the information ordered and the diagram of how the defendants are interrelated on November 1, 2020. Defendants cannot comply with the ordered document production and asks for relief from the discovery order by an extension of time to comply with the discovery order.

Defendants and Plaintiff agreed on search terms for electronic discovery in this case. Defendants also agreed to hire a third party ediscovery company to conduct the search and furnish the results using agreed ESI discovery protocols. The ediscovery company's search produced over 33,000 documents and all were produced to Plaintiff. Plaintiff and Defendant conferred multiple times regarding the production. Defendant took its discovery obligations seriously and paid the ediscovery company approximately $11,000.00, which to defendants is a significant amount of money. Defendants believed it had complied with its ediscovery obligations.

Defendants relied on the ediscovery company for guidance and to complete the search in accordance with the rules and Defendants' obligations. Despite that good-faith belief, Plaintiff communicated by phone and in a detailed email the deficiencies of the search results stemming from the underlying search and what was searched. Defendants were told and believed all categories were searched and everything was produced. It was Defendants objective all along to produce everything and hold nothing back (other than attorney/client communications). In good faith, Defendants believed everything was produced in the 33,000 page document production.

Plaintiff filed a motion to compel based, in part, on separating relevant/irrelevant documents in the production and producing the relevant results. However, as discussed between counsel by phone and detailed by emails, Plaintiff noted other issues with the production and

2

reserved the right to seek further relief. Defendants took the allegations seriously and presented these alleged deficiencies to the ediscovery company. A dispute ensued over the search, the costs, and whether it was done properly and in compliance with Defendants obligations and their intent to produce everything. Communication between Defendants and the ediscovery company became difficult. In Defendants view, they were nonresponsive and could not answer questions on how to proceed and address the issues with the production. The problems escalated and it seemed that the issues could not be reconciled. Equally clear was that Defendants would not be able to comply with the Court's order or cure any of the deficiencies communicated by Plaintiff considering the disputes with the ediscovery company. Defendants also did not want to be subject to further motions regarding the issues that Plaintiff had communicated to Defendants and detailed in their motion to compel. Defendants wanted the ediscovery obligations to be fulfilled, the search done properly, the results reviewed, and the production served. Believing the ediscovery company had not done the search properly and with no plan to cure and the other issues, Defendants terminated the ediscovery company.

Defendants always intended to do the ESI project in compliance with the rules and the obligations. Defendants believed there was no other way to comply with the ediscovery obligations without hiring a different ediscovery company and to again do the ESI search. Defendants consulted with the new ediscovery company regarding the issues identified with the production, provided the agreed search terms, and provided the agreed ESI discovery protocols. The search terms and protocols were applied. The ediscovery company completed the search and the total project data is as follows:

**Project Data Size: 153.86 gigabytes**

**Total Records/Files: 264,347**

**Total Pages: 1,331,495**

3

|  | Count | Count with Related |
|---|---|---|
| All Term Hit | 197651 | 235933 |
| All Term Hit (minus 'Oxberry') | 194428 | 232840 |
| Privilege Search Hit | 5186 | 8393 |
| Relevant Search Hit | 44231 | 70834 |
| Irrelevant Search Hit | 26647 | 46780 |

| Tag Name | Count | Count with Related |
|---|---|---|
| stud* OR "research" OR "report" OR "survey" OR "opinion" OR "investigation" | 102683 | 154524 |
| "application" OR "permit" OR "license" OR "certification" OR "government" OR "municipal" | 76487 | 125973 |
| "mistaken" OR "mistake" OR "mixup" OR "error" | 54813 | 95422 |
| "Mondrian" | 39108 | 55549 |
| "Oxberry" | 37198 | 64281 |
| "marketing" OR "market" OR advertis* OR promot* | 34581 | 61351 |
| "location | 24893 | 50754 |
| "license" OR "permission" OR "allow" | 24737 | 48797 |
| "Nazarian" OR "Sam" OR "sbe" OR "licensing" OR "New York" OR "NY" OR "Miami" OR "MIA" OR "Florida" OR "California" OR "Los Angeles" OR "LA" | 22330 | 45327 |
| "business plan" OR "projection" OR "revenue" OR "product plan" OR "proposal" | 22160 | 43224 |

4

| | | |
|---|---|---|
| "trademark search" OR "research" OR "trademark" OR "mark" OR "brand" | 18816 | 38097 |
| "5104 Caroline" | 17974 | 31729 |
| "source" | 15393 | 29814 |
| "social media" OR "social network" OR "Facebook" OR "Twitter" OR "Instagram" OR "Vimeo" | 14107 | 23416 |
| "advertising" OR advertise* | 6855 | 16124 |
| "entertainment" | 4052 | 9349 |
| "Hotel" | 4010 | 8472 |
| "endorse" OR "endorsement" | 3891 | 11354 |
| "profit and loss" OR "P&L" | 3457 | 11275 |
| "affiliated" | 3129 | 9005 |
| "sponsorship" OR sponsor* | 3108 | 5763 |
| "Morgans Group" OR "Morgans" OR "Morgan" | 3035 | 6983 |
| "Mond" | 1950 | 3109 |
| "confusion" OR confuse* | 1908 | 4314 |
| "Douglas Elliman" | 1449 | 2414 |
| "infringement" OR infring* | 1368 | 3314 |
| "Random Sky" | 1097 | 1841 |
| Ox Condo* OR "Ox Caroline" OR "Caroline Condo" | 416 | 812 |
| "Documented Transactions" OR "Doc Transactions" OR "Doc trans" | 274 | 517 |
| "SBE" | 203 | 553 |
| "<facebook.com/mondrianhouston>" | 17 | 47 |
| "<vimeo.com/oxberrygroup>" | 14 | 41 |

5

| | | |
|---|---|---|
| "<Instagram/mondrianhouston>" | 10 | 24 |
| "<Instagram.com/mondhouston>" | 9 | 27 |
| "<vimeo.com/themond>" | 9 | 27 |
| "<twitter.com/montrianhouston>" | 4 | 15 |

The Search cost so far with the new ediscovery company has been $5,000.00 and the estimated Imaging Cost as is above $26,000.00.

It is estimated that 100-200 images can be reviewed per person, per hour. Defendants are committed to putting everyone at their disposal on this project (2 people plus counsel). Defendants are a two-person firm. Even with best efforts and five people, it will take time to complete the review of over more than 264,000 records/files. Defendants agreed to the search terms without knowing how much data would be retrieved by them. Defendants have never done ediscovery before this case. Frankly, they had no idea and certainly never thought that this project could amass a review of over a million pages. At this juncture, Defendants in good faith would ask that the parties work together to limit the terms such that the results would not retrieve so much data, most of which is irrelevant to this case. The amount of irrelevant data and the cost of review is in part why the first motion to compel was filed. If the parties could work together on limiting the search terms with the above information in mind, then the process could be completed much more quickly and efficiently.

Defendants are essentially a two-person firm and have limited resources. Despite the limitations, Defendants desire to and will do whatever necessary to please the Court. Defendants have not done electronic discovery before and did not know, even with advice of counsel, the obligations and extent of the process that is required. Defendants are taking this case and their discovery responsibilities seriously and have shown that by paying a significant amount of money

to now two ediscovery companies and are willing to devote whatever the Court deems just to this project and on a time-line that can it can reasonably be accomplished.

This motion is made in good faith and is not made for the purpose of delay or any improper purpose.

Defendants respectfully submit the Affidavit of Shahin Jamea in support (attached) of this motion.

Defendants apologize to this Court.  Defendants need relief from the Discovery Order, and Defendants pray that this Court grant appropriate relief that it deems just and proper.

Dated: November 1, 2020   Respectfully submitted,

By: /s/ Paul S. Beik
PAUL S. BEIK
Texas Bar No. 24054444
S.D. Tex. ID No. 642213
BEIK LAW FIRM, PLLC
8100 Washington Ave., Suite 1000
Houston, TX 77007
T: 713-869-6975
F: 713-868-2262
E-mail: paul@beiklaw.com

**ATTORNEY FOR DEFENDANTS**

**CERTIFICATE OF CONFERENCE**

This hereby certifies that I emailed and conferred via teleconference with opposing counsel regarding a motion for extension of time to comply with the Discovery Order.  Plaintiff is opposed to the motion.

By: /s/ Paul S. Beik
PAUL S. BEIK

**CERTIFICATE OF SERVICE**

I hereby certify that, on November 1, 2020, a copy of the forgoing instrument was served via the Court's CM/ECF system on the following counsel of record for Plaintiff as follows:

Thomas J. Adair
Adair Law Group, PLLC
1001 14th Street, Suite 112
Plano, Texas  75074
tom@adairlaw.com

Dyan Finguerra-DuCharme
Ryan S. Klarberg
Pryor Cashman, LLP
7 Times Square
New York, New York 10036
Dfinguerra-ducharme@pryorcashman.com
rklarberg@pryorcashman.com

By: /s/ Paul S. Beik
PAUL S. BEIK