IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MORGANS GROUP LLC, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:19-cv-02809 |
| | § | |
| 5104 CAROLINE, L.L.C., | § | |
| OX CAROLINE CONDOS, L.L.C., | § | |
| OXBERRY GENERAL, L.L.C., | § | |
| OXBERRY FINANCIALS, LTD., | § | |
| PEJMAN JAMEA, SHAHIN JAMEA, and | § | |
| DOCUMENTED TRANSACTIONS, INC., | § | |
| | § | |
| Defendants. | | |

## AFFIDAVIT OF SHAHIN JAMEA

My name is Shahin Jamea. I am over the age of 18 and in all ways competent to make this affidavit. I am the corporate representative for Defendants and have managed this litigation.

Oxberry General, L.L.C. is a two-person real estate development and management firm owned by me and my brother Pejman Jamea. 5104 Caroline, L.L.C. is the only owner and operator of the condominium project located at 5104 Caroline in Houston, Texas.

Neither I nor my brother had any experience with eDiscovery prior to this case. I was advised by my counsel of the process, requirements, and protocols but I still did not fully realize the extent of the process and requirements nor the size of the emails and attachments which would be returned by doing the agreed upon search terms. With the benefit of the hindsight, I should have hired a competent eDiscovery consultant before agreeing to the search terms as to understand the ramifications of such a wide search parameter. I hired and managed the first eDiscovery company and believed they had done everything that was required to comply with the rules. They were instructed to produce everything retrieved (without attorney/client communication) and not to hold

anything back.  They charged us approximately $11,000.00.   I learned of Plaintiff's issues with the production from my counsel.  I also reviewed the motion to compel and discussed the emails my attorney received from opposing counsel regarding the issues with the production.  I communicated these issues to the eDiscovery company but they were not responsive in a manner that made me have confidence in their ability to fully comply with the court's order.  The issues with them were significant and I terminated their assignment.

I always intended to do the ESI project in compliance with the rules and the obligations. I believe there was no other way to comply with the eDiscovery obligations without hiring a different company to redo the ESI search from scratch and upload the data again directly from our office 365 servers.  I hired the second eDiscovery company and provided them with the issues, the search terms, and the ESI discovery protocols. The cost so far for importing our email data from office 365 to their platform is over $5,000.00. The search results have returned over 1.3 million pages, which unless reduced by modification or reduction of the agreed upon search terms, would results in an additional $26,000.00 in fees.

I apologize to the Court.  None of my actions were for the purpose of delay or any improper purpose.  I and my brother are taking this case very seriously and will do whatever the Court asks to comply with the rules and its orders.  We are a two-person firm and did not have any idea when I agreed to the search terms that the terms would retrieve and require the review of over one million pages.

Further affiant sayeth not.

*/s/ Shahin Jamea*

Shahin Jamea