

New York | Los Angeles | Miami

7 Times Square, New York, NY 10036-6569 Tel: 212-421-4100 Fax: 212-326-0806 www.pryorcashman.com

**Dyan Finguerra-DuCharme**

Direct Tel: 212-326-0443
Direct Fax: 212-326-0806
DFinguerra-DuCharme@PRYORCASHMAN.com

April 29, 2020

**VIA E-MAIL (PAUL@BEIKLAW.COM)**

Paul S. Beik, Esq.
Beik Law Firm, PLLC
8100 Washington Ave., Suite 1000
Houston, TX 77007

**Re: Electronic Discovery and Defendants' Deficient Responses to Morgans Group LLC's Discovery Requests**

Dear Paul:

We write to address several discovery issues that have arisen including the production of electronic discovery and Defendants' written responses to Plaintiff's discovery requests.

I. Defendants' Refusal to Produce Electronically Stored Information

During the parties' conference call on April 24, 2020 (the "April 24 Call"), you advised for the first time that Defendants had no intention of producing electronically stored information ("ESI"). Instead, you invited counsel for Plaintiff to Defendants' place of business where we could review the ESI stored on a single computer on which, you claim, all ESI resides. We note that this proposal does not conform to the instruction in Plaintiff's Document Requests that Defendants produce ESI in electronic format in native format. Nor does Defendants' written objections and responses to Plaintiff's Document Requests include a specific objection to Plaintiff's instruction concerning production of ESI in native format, as required under Rule 34 of the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 34, Advisory Committee Note, 2006 Amend. Sub. (b).

Simply put, your intention to make ESI available for inspection as opposed to complying with Plaintiff's instruction in its Document Requests to produce ESI in native format is deficient and would not lead to discovery of ESI that is reasonably usable, as required under Rule 34. *See id.* First, as you are well aware, the world is experiencing a global pandemic and a Stay-At-Home Order is in effect in Harris County. Your suggestion that counsel inspect documents at your client's place of business is impossible under current conditions and can therefore be regarded as nothing more than gamesmanship and a continued stall tactic.

Further, on a substantive level, your claim that all relevant and responsive ESI is stored on a single computer at Defendants' place of business strains credulity. In particular, it is not a

credible assertion that your clients collected all email correspondence that is responsive to Plaintiff's Document Requests and stored that correspondence on a single computer at your client's office. As a general matter, emails are customarily housed on email servers, usually on a cloud-based service, and thus, are not found locally on a single computer. It is highly unlikely that the only copy of emails in Defendants' possession, custody or control are downloaded from an email server and simultaneously removed from that server such that the only copy of an email is located on a hard drive of a single computer. If that is truly the case, we would request a certification from an IT professional attesting to the fact that Defendants employ such an unusual procedure for maintaining emails. More likely, Defendants' emails are housed on an email server separate from a local computer, which server can be searched and responsive documents produced therefrom. As you know, under Rule 34 of the Federal Rules of Civil Procedure, email correspondence is considered a responsive document; as such, all email correspondence responsive to the Plaintiff's document requests must be produced. Making email correspondence that has been downloaded to a single computer available for inspection would not be a usable format of production and would not be sufficient to ensure that Defendants have complied with their discovery obligation to produce all responsive ESI, since there would be no way to confirm (without access to the actual server) that the computer contained all email communications sent or received on the relevant email server. Furthermore, this would jeopardize the integrity of all metadata associated with the responsive emails. Indeed, Defendants' proposal in this regard appears to be nothing more than an attempt to shirk all responsibility of searching, reviewing and producing ESI in compliance with its obligation to engage in discovery in good faith.

In addition, based on your representations during the April 24 Call, it appears that Defendants intend to seek the cost of discovery of ESI from Plaintiff. Customarily, each party bears its own cost of discovery (outside extraordinary circumstances). However, if you insist that Plaintiff bear the cost of searching, reviewing and producing Defendants' documents, be advised that Plaintiff will insist that Defendants similarly bear the costs of Plaintiff's search, review and production of its own documents and ESI, including reasonable attorneys' fees. Alternatively, the parties could agree to follow the customary procedure that each party bear its own discovery costs.

II. Defendants' Deficient Responses to Plaintiff's First Set of Interrogatories

There are also a number of deficiencies with Defendant's Responses and Objections (the "Responses," and each a "Response") to Plaintiff's First Set of Interrogatories (the "Interrogatories"). For the reasons set forth below, several of the Responses do not comply with Rule 26 of the Federal Rules of Civil Procedure or Local Rule 26.2 and any objections are now waived.

A. Interrogatory No. 1: In response to Interrogatory No. 1 requesting a detailed description of Defendants' corporate structure, including all parent companies, sister companies, and affiliates, and their respective principals, Defendants merely state that "5104 Caroline, L.L.C. is the developer and sole owner of the project at 5104 Caroline." As



you know, the interrogatory is addressed to all six Defendants, not just 5104 Caroline, LLC. This Response not only fails to properly respond to the interrogatory with respect to 5104 Caroline, LLC, but it does not provide any information about the other Defendants. As such, this response is deficient, does not comply with the definition of "identify" under Fed. R. Civ. P. 26 and must be supplemented to provide a complete response.

B. Interrogatory No. 6: In response to Interrogatory No. 6 requesting that Defendants identify with particularity the media that Defendants have advertised and intend to advertise or promote their services including media schedules and budgets during the past two years, Defendants list websites and categories of "print media and post cards" but fail to provide any particularity. Specifically, Defendants do not provide the names of the print media in which they advertised, identify any media schedules or provide information about advertising budgets. As such, this Response is deficient, does not comply with the definition of "identify" under Fed. R. Civ. P. 26 and must be supplemented to provide a complete response.

C. Interrogatory No. 7: Interrogatory No. 7 requests that Defendants identify each domain name registered by Defendants. In response, Defendants' only identify <mondhouston.com> and <oxberrygroup.com>; At a minimum, this response appears incomplete. In response to Interrogatory No. 6 you identify several websites on which Defendants have advertised or promoted their services, including <mondrianhouston.com>. It is unclear whether <mondrianhouston.com> is registered to any of the Defendants in this action. If it is, Defendants' Response must be amended and revised.

D. Interrogatory No. 8: Interrogatory No. 8 requests a description of Defendants' business plans or projections, revenue, projections, cost projections, and/or proposals as they relate to Defendants' Services and/or the intended use of Defendants' Marks. Defendants' response summarily states that Defendants "currently projects a loss of $3-5 million on this project." This response falls far short of providing any meaningful information about the basis for that projection and is contradicted by materials already produced by Defendants on January 22, 2020. As such, this Response must be amended and revised.

E. Interrogatory No. 13: Interrogatory No. 13 requests that Defendants identify any research conducted with respect to each of Defendants' Marks. The Interrogatories define "Defendants' Marks" as: (i) THE MONDRIAN; (ii) THE MONDRIAN AT THE MUSEUMS; (iii) MONDRIAN HOUSTON; (iv) THE MOND; (v) THE MOND AT THE MUSEUMS; and/or (vi) any mark incorporating the term MONDRIAN or MOND used by Defendants. The Response only refers to research conducted with respect to THE MOND AT THE MUSEUMS. Defendants must either expressly clarify



that no research was conducted with respect to the other marks included in the definition of "Defendants Marks" or be amended and revised to specify the research that was conducted with respect to the remaining marks.

F. Interrogatory No. 14: Interrogatory No. 14 requests identification of any applications or permits filed with any governmental authority, in relation to developing any real estate in connection with any of Defendants' Marks. In response, Defendants only identify its U.S. trademark application along with a series of perfunctory objections. Contrary to the position taken by Defendants, Interrogatory No. 14 is relevant to ascertaining the entities that are responsible for developing, building, and operating the Condominium, their respective use of Defendants' Marks and involvement in developing, building, and operating the Condominium, as well as to ascertain any trademark filings in connection with any of Defendants' Marks. As such, this request is relevant to the claims in this case and the Response is deficient, does not comply with the definition of "identify" under Fed. R. Civ. P. 26 and must be supplemented to provide a complete response.

G. Interrogatory No. 17: Interrogatory No. 17 requests that Defendants identify the units sold, the purchasers' name, the unit number, the square footage, the date the sale was closed, the price of the sale, and the relationship of the purchaser to any of the Defendants' or their employees. In response, Defendants object on the grounds that the interrogatory is overbroad, ambiguous, irrelevant, and would not lead to the discovery of relevant or admissible evidence. Defendants also object on the grounds that the information is publicly available information. First, not all of the information requested in the interrogatory is publicly available. For example, the relationship of the purchasers to the Defendants or their employees is certainly not public information. Additionally, even if some of this information is publicly available, this information is already in Defendants' possession and is not in Plaintiffs' possession. The requested information is simply not equally accessible to Defendants. Furthermore, the purchase and sale of Condominium units bearing Defendants' Marks is relevant to Defendants' use of the Marks and damages. Accordingly, the Response is deficient, does not comply with the definition of "identify" under Fed. R. Civ. P. 26 and must be supplemented to provide a complete response.

III. Defendants' Insufficient Responses to Plaintiff's First Set of Document Requests

Several of Defendants' Responses and Objections (also defined as the "Response") to Plaintiff's First Request for the Production of Documents fail to comply with Rule 26. We set forth the deficiencies in detail below in order to provide sufficient information to allow Defendants' to cure these deficiencies.



A. Document Requests Nos. 10, 14, 15 and 16: Defendants' Responses to these requests all assert that "after a diligent search, there are no documents responsive to this request." This statement is inconsistent with the information provided during the April 24 Call in which you confirmed that no efforts to procure electronic discovery had been undertaken. Moreover, even if such a search had been undertaken, such a search for ESI would not have been further to search parameters agreed upon by the Parties as we have yet to have that discussion. Furthermore, you represented that you instructed Defendants to search for the requested documents, but you did not know how those searches were conducted. As such, these responses must be revised because a "diligent search" could not have been conducted.

B. Document Request No. 21: This request seeks documents and communications with Random Sky concerning any of Defendants' properties or planned developments. In response, Defendants object with a sweeping objection that the request is somehow overly broad and not relevant without identifying exactly how this request is overbroad, which is required under the federal rules. In particular, Rule 34(b)(2)(B) requires the objecting party to "or state with specificity the grounds for objecting to the request, including the reasons." Defendants have failed to include any reasons to support their objections. Indeed, the request is, in fact, quite narrow and the objection is belied by Defendants' response to Interrogatory No. 2, where Defendants concede that Random Sky is part of 5104 Caroline LLC's marketing team that presented Defendant with several names for the Condominium. Clearly, the marketing team that was involved in Defendants' adoption and use of the MONDRIAN mark is relevant in this trademark infringement case concerning the unauthorized use of that mark. Furthermore, as stated in the instructions in the Document Requests, all requests are limited to cover a period from January 1, 2015, to the present, unless otherwise indicated. Thus, Defendants' objection to the supposed unlimited time with regard to the request is unfounded. Accordingly, Defendants must produce all documents and information, including ESI, responsive to Request No. 21.

C. General Objections in Each Response: As noted above, it is improper for Defendants to provide conclusory objections, such as "overbroad" and "irrelevant" without specifically setting forth the basis for that objection. Defendants' responses to all of Plaintiff's document requests include such objections yet they do not include a single reason to support these bald assertions. As such, these objections are invalid under the rules, should not serve to limit Defendants' production and are now waived. Notwithstanding that waiver, Plaintiff is willing to clarify or narrow any requests where Defendants believe the volume of responsive documents is quite excessive.

In light of the foregoing, it is clear that the parties have a genuine dispute as to the proper approach to discovery in this matter. Given that Defendants indicated in their written objections and responses to the Document Requests that alternative means of production will be considered



and may be agreed to by the parties, Plaintiff believes that a meet and confer is necessary. Such a good faith meet and confer is also necessary to comply with Fed. R. Civ. P. 37 and such a meet and confer should include a substantive discussion of the technical specifications of Defendants' computer systems, email servers and the like. Moreover, the parties should discuss the deficiencies in Defendants' written discovery responses and whether Defendants' intend to revise those responses. Plaintiff proposes that such meet and confer occur on Monday, May 3rd at 3:00 p.m. EDT. Please advise of your availability.

This letter is not intended to be an exhaustive recitation of all of Plaintiff's arguments or objections with respect to the Responses. In addressing specific issues herein, Plaintiff is not waiving and hereby expressly reserves all arguments and objections regarding all Responses, whether addressed herein or not.

Very truly yours,

Dyan Finguerra-DuCharme