**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| MORGANS GROUP, LLC, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:19-cv-02809 |
| | § | |
| 5104 CAROLINE, L.L.C., | § | |
| OX CAROLINE CONDOS, L.L.C., | § | |
| OXBERRY GENERAL, L.L.C., | § | |
| OXBERRY FINANCIALS, LTD., | § | |
| PEJMAN JAMEA, SHAHIN JAMEA, | § | |
| DOCUMENTED TRANSACTIONS, INC., | § | |
| | § | |
| Defendants. | § | |

## DEFENDANTS' FIRST PRODUCTION REQUESTS TO PLAINTIFF

Pursuant to Federal Rule of Civil Procedure 26 and 34, Defendants 5104 Caroline, L.L.C., Ox Caroline Condos, L.L.C., Oxberry General, L.L.C., Oxberry Financials, LTD., Pejman Jamea, Shahin Jamea, and Documented Transactions, Inc., (collectively, "Defendants") request Plaintiff Morgans Group, LLC produce the documents and electronically stored information described below not later than 30 days after service of this request, together with any extensions as permitted by the Federal Rules of Civil Procedure, to Beik Law Firm, PLLC, 8100 Washington Avenue, Suite 1000, Houston, Texas 77007.

Dated: April 1, 2020

Respectfully submitted,

By: /s/ Paul S. Beik
PAUL S. BEIK
Texas Bar No. 24054444
S.D. Tex. ID No. 642213
BEIK LAW FIRM, PLLC
8100 Washington Ave., Suite 1000
Houston, TX 77007
T: 713-869-6975
F: 713-868-2262

1


EXHIBIT 4

E-mail: paul@beiklaw.com

**ATTORNEY FOR DEFENDANTS**

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that, on April 1, 2020, a copy of the forgoing instrument was served on the following counsel of record for Plaintiff as follows:

Thomas J. Adair
Adair Law Group, PLLC
1001 14th Street, Suite 112
Plano, Texas  75074
tom@adairlaw.com

Dyan Finguerra-DuCharme
Ryan S. Klarberg
Pryor Cashman, LLP
7 Times Square
New York, New York 10036
Dfinguerra-ducharme@pryorcashman.com
rklarberg@pryorcashman.com

By: /s/ Paul S. Beik
PAUL S. BEIK

**DEFINITIONS AND INSTRUCTIONS**

The following definitions and instructions are applicable to these Interrogatories.

1. "Plaintiff" means MORGANS GROUP, LLC, the plaintiff in the above-captioned proceeding, its subsidiaries, divisions, predecessor and successor companies, affiliates, parents, any partnership or joint venture to which it may be a party, and/or each of its employees, managers, members, agents, officers, directors, representatives, consultants, accountants, and attorneys, including any person who served in any such capacity at any time during the relevant time period specified herein.

2. "Defendants" means Defendants 5104 Caroline, L.L.C., Ox Caroline Condos, L.L.C., Oxberry General, L.L.C., Oxberry Financials, LTD., Pejman Jamea, Shahin Jamea, and Documented Transactions, Inc., collectively, the defendants in the above-captioned action.

3. The term "mark" means any word, name, symbol, or device (including any key word or metatag) or any combination thereof.

4. "Communication(s)" is used herein in the broadest possible sense permitted by the Federal Rules of Civil Procedure, and shall mean any manner or means of disclosure, transfer, or exchange of fact, information, ideas, opinions, or thoughts, whether by written, oral, mechanical, telephonic, text or SMS message, electronic or some other means of communication and shall include the information transmitted. "Communications" shall also comprise communications through social media, whether through postings or private messaging functions. Such social media sites include, without limitation, Facebook, LinkedIn and Twitter.

5. "Document(s)" is used herein in the broadest possible sense permitted by the Federal Rules of Civil Procedure, and shall mean any written, graphic or other recorded (whether visibly, electronically, magnetically or otherwise) matter of whatever kind or nature, including telephone records, computer files or discs, or any other means of preserving thought or expression and all tangible things from which information can be processed, transcribed, copied or retrieved, whether originals (or copies where originals are unavailable), or drafts (including non-identical copies), however produced or reproduced.

6. "Information" shall include individual documents and records (including associated metadata) whether on paper, film, or other media, as discrete files stored electronically, optically, or magnetically, or as a record within a database, archive, or container file, including emails, messages, word processed documents, digital presentations, spreadsheets, database content, text messages, and messages in workplace collaboration tools, including without limitation Slack, Microsoft Teams, and Google Hangout.

7. "Person" shall refer to natural persons, agencies, departments, firms, partnerships, associations, joint ventures, corporations, proprietorships, or any other business entities and any management, business, or governmental organizations, or any other group of natural persons.

3

8.     "Refer," "relate," "pertain," and "concern," in addition to their customary and usual meaning, shall mean directly or indirectly, in whole or in part, concerning, discussing, evidencing, constituting, reflecting, mentioning, containing an implicit reference to, assessing, characterizing, recording, describing, touching upon, summarizing, connected with, commenting on, showing, disclosing, supporting, explaining, recording, stating, memorializing, noting, analyzing, or dealing with the subject matter described.

9.     The singular includes the plural and vice versa, except as the context may otherwise require; the words "and" and "or" shall be construed as either conjunctive or disjunctive in such manner as will broaden as widely as possible the scope of any Interrogatory for production; the word "all" means "any and all"; the word "any" means "any and all"; the word "including" means "including without limitation."

10.    Wherever appropriate, verb tenses shall be interpreted to include past, present, and future tenses.

11.    Documents requested to be inspected include all documents in your possession, custody, or control. Without limitation of the terms "possession, custody, or control," as used in the preceding sentence, a document is in your possession, custody, or control if you have actual possession or custody or the right or practical ability to obtain the document or a copy thereof upon demand from one or more of your affiliates, parents, subsidiaries, divisions, related companies or predecessors-in-interest, officers, directors, employers, prospective employers, employees, agents, consultants, representatives, independent contractors, advisors, attorneys, relatives, friends, and any other person or public or private entity that has actual physical possession thereof.

12.    As the term "possession" relates to e-mail, the term includes, but is not limited to, e-mail contained in your electronic e-mail directories, including: (a) "deleted" e-mails which have not been permanently deleted, including all subdirectories irrespective of the title of such subdirectories; (b) "sent" e-mails, including all subdirectories irrespective of the title of such subdirectories; and (c) "received" e-mails, including all subdirectories irrespective of the title of such subdirectories.

13.    These Requests shall apply to all Documents and Things in Your actual or constructive possession, custody, or control at the present time, or coming into Your actual or constructive possession, custody, or control during the litigation, including all such responsive
Documents and Things located in the personal files of any and all past or present directors, officers, principals, managers, employees, attorneys, agents, representatives, contractors, consultants, or accountants of Plaintiff. If You know of the existence, past or present, of any Documents and Things requested herein, but are unable to produce such Documents and Things because they are not presently in Your possession, custody, or control, You shall so state and shall identify such Documents or Things, and the Person who has possession, custody, or control of such Documents or Things.

14.    With respect to the documents produced, you shall produce them as they are kept in the usual course of business, including producing any tabs, labels or directories of files identifying the documents.

15. The form of production of Documents and the numbering of such Documents shall be performed in a manner that will allow Plaintiff to determine the source of each Document. All Documents requested are to be produced in the same file or other organizational environment in which they are maintained. Specifically, a Document that is part of a file, docket, or other grouping, should be physically produced together with all other Documents from said file, docket, or grouping in the same order or manner of arrangement as the original. File folders with tabs or labels identifying Documents should be produced intact with such Documents.

16. As to each Document and Thing produced in response hereto, You shall identify the Request and, where applicable, the Request number, in response to which the Document or Thing is being produced.

17. Electronically stored information (ESI) must be produced in .PDF format with corresponding load files containing the document's text and all available metadata. You should decrypt or provide Plaintiff with passwords to any responsive ESI included in your productions.

18. All hard copy documents shall be produced as single-page TIFF images with accompanying document-level OCR and Relativity load files with the following metadata fields: BegBates, EndBates, Page Count, and Custodian (as referenced in Appendix A).

19. E-mails, MS office documents, and other electronic documents shall be produced as single-page TIFF images except that Excel files or spreadsheets shall be produced in native format with the native file named by the BegBates. You shall provide extracted text/OCR data at document level and Relativity load files with the metadata fields provided in Appendix A, where applicable. Native files for all electronic documents shall be maintained, and such files shall be produced upon the request of the receiving party.

20. Selection of documents from paper files and other sources and the numbering of such documents shall be performed in such a manner as to ensure that the source of each document may be determined.

21. File folders with tabs or labels or directories of files identifying documents must be produced intact with such documents.

22. Each Request seeks production of each document in its entirety, without abbreviation or redaction, including all attachments, transmittal sheets, notes, cover letters, exhibits, enclosures and all drafts and non-identical copies of each document.

23. No response is to be left blank. If the answer to a Request or subparagraph of a Request is "none," the word "none" must be written in the response. If a Request is "not applicable," the abbreviation "N/A" must be written in the response. If you deem any Request objectionable, an objection must be made within the time provided by the Federal Rules of Civil Procedure.

24.     Pursuant to Federal Rule of Civil Procedure 26(b)(5), if any document responsive to a Request below is withheld from production on the basis of any claim of privilege, defendants are requested to submit a written statement identifying: (a) the nature of the privilege (including work product) which is being claimed; (b) the general subject matter of the document and a description of the file or other location where it was found; (c) the type or general nature of the document (*i.e.*, whether it is a letter, memorandum, invoice, e-mail, etc.) and the number of pages of which it consists; (d) the date of the document; (e) the author(s) and recipient(s) of the document; (f) the addressees of the document, and any other recipients; and (g) the Request to which the document relates.

25.     Pursuant to Federal Rule of Civil Procedure 34(b)(2)(C), if you object to any individual Request, you must state whether any responsive materials are being withheld on the basis of that objection, and you must specify the part of the Request to which you are objecting and produce all materials that are responsive to the remainder of the Request.

26.     To the extent you assert that a document contains information that should be protected from disclosure (based on the attorney-client privilege, work product doctrine, or another protection) and non-privileged information, the non-privileged portions of the document must be produced. For each such document, indicate the portion of the document withheld by stamping the words "MATERIAL REDACTED" on the document in an appropriate location that does not obscure the remaining text.

27.     You are further requested to provide all portions of requested documents that are not subject to a claim of privilege or other reason for nonproduction by excising or otherwise protecting the portions for which a privilege is asserted, if such a technique does not result in disclosing the contents of the portions for which some privilege is asserted.

28.     In the event that any document responsive to the Requests was, but is no longer, in your possession, custody, or control, or has been lost, destroyed, discarded, or otherwise disposed of, you are requested to identify such document as completely as possible, including the following information: (a) the nature of the document; (b) the person who prepared or authorized the document and, if applicable, the person to whom the document was sent; (c) the date on which the document was prepared or transmitted; and (d) if possible, what has happened to the document and where it or any copies of it may be located, or if the document was lost or destroyed, the date on which the document was lost or destroyed, and, if destroyed, the conditions of and the reasons for such destruction and the persons requesting and performing the destruction.

29.     If, in responding to a Request, you encounter any ambiguity in construing either the Request or a definition or instruction relevant to it, set forth the matter deemed ambiguous and the construction selected or used in responding to the Request.

30.     These Requests are deemed to be continuing in accordance with Federal Rule of Civil Procedure 26(e). You shall supplement your responses within a reasonable time if you obtain or become aware of any further documents responsive to these Requests.

31.     Any pronoun shall be construed to refer to the masculine, feminine, or neutral gender, as appropriate.

32.     Restate each Request in your written response followed immediately by your response to each Request.

## DOCUMENTS TO BE PRODUCED

1.      All Documents identified in Plaintiff's initial disclosures pursuant to Federal Rule of Civil Procedure 26(a).

2.      Documents sufficient to identify the circumstances surrounding Plaintiff's actual discovery of the facts alleged in the complaint.

3.      Documents showing Plaintiff's electronic data and document retention policies.

4.      Documents sufficient to show Plaintiff's awareness of uses by parties other than Plaintiff of the term MONDRIAN in connection with goods and/or services.

5.      Documents sufficient to show the amount of each alleged monetary damage sustained by Plaintiff which Plaintiff asserts is attributable to the conduct of Defendants.

6.      Documents sufficient to show each and every instance which Plaintiff asserts an actual or prospective customer was actually confused, mistaken, or deceived as to the origin or sponsorship of any services sold, provided, or offered by Defendants.

7.      Documents sufficient to show each sale by either of the Defendants was attributable to an actual or prospective customer intending to contract with Plaintiff being confused, mistaken, or deceived as to the origin or sponsorship of any goods and/or services sold, provided, or offered by Defendants.

8.      Documents sufficient to identify Plaintiff's consideration, selection, conception, creation, or adoption of the mark MONDRIAN for use on or in connection with its services.

9.      Documents sufficient to show the circumstances of Plaintiff's first use of the term MONDRIAN as a trademark anywhere in the United States, including, but not limited to, the time, place, and manner of such use.

10.     Documents sufficient to identify the geographic regions in the United States in which Plaintiff has or has caused to be advertised, promoted, marketed, displayed, distributed, or sold, or plans or intends to advertise, promote, market, display distribute, or sell, either directly or through others, any services under or in connection with the term MONDRIAN as a trademark.

11.     Representative samples of each type of advertisement and promotional material (e.g., print, radio, television, brochures, catalogues, flyers, press releases, website pages, website banners, in-store displays, point-of-sale promotional items) that has displayed the term MONDRIAN as a

trademark, including documents sufficient to show every manner of presentation of the term MONDRIAN as a trademark in each type of advertisement or promotional material.

12. Representative samples of all signs that have displayed the term MONDRIAN as a trademark, including documents sufficient to show every manner of presentation of the term MONDRIAN as a trademark in such materials.

13. Documents sufficient to show each visual, oral, and other manners in which Plaintiff has presented, or licensed or permitted the presentation of, the term MONDRIAN as a trademark including, but not limited to, all pronunciations of and typestyles, fonts, typeface, graphics, and colors used in connection with the term MONDRIAN as a trademark.

14. Documents sufficient to identify all goods and/or services rendered by Plaintiff under or in connection with the term MONDRIAN as a trademark.

15. Documents sufficient to identify all channels of trade through which Plaintiff advertises, promotes, distributes, or sells, or plans to advertise, promote, distribute, or sell, directly or indirectly, any goods or services under or in connection with the term MONDRIAN as a trademark.

16. All newspaper, magazine, newsletter, trade journal, website, and other media coverage concerning the term MONDRIAN as a trademark or service offered in connection with the term MONDRIAN as a trademark.

17. Documents sufficient to describe the actual and target purchasers of goods or services sold or planned or intended to be rendered by Plaintiff under or in connection with the term MONDRIAN as a trademark.

18. Documents sufficient to identify any person to or with whom Plaintiff markets, sells, or distributes or intends to market, sell, or distribute any goods or services under or in connection with the term MONDRIAN as a trademark.

19. Documents sufficient to identify each price at which Plaintiff has marketed or sold, or currently plans or intends to market or sell, any goods or services in connection with the term MONDRIAN as a trademark.

20. Documents sufficient to identify Plaintiff's knowledge of Defendants including, but not limited to, all Documents reflecting communications about Defendants or Defendants' use the terms alleged in this lawsuit.

21. Documents sufficient to identify any examples of actual confusion as to source of by an actual or prospective purchaser of the goods and/or services of Plaintiff or of Defendants.

22. Documents sufficient to identify any observations, perceptions, impressions, or inquiries as to whether the goods or services sold or intended to be sold, directly or indirectly, by Defendants are produced by, sponsored, or endorsed by, or in any manner associated or affiliated with Plaintiff.

23. Documents sufficient to show the annual volume of sales (in dollars and units) of all services rendered by Plaintiff for the calendar years 2015 to present.

24. Documents sufficient to show the calculation of the gross and net profits realized by Plaintiff for the calendar years 2015 to present.

25. Copies of each contract to which Plaintiff is a party wherein any trademark rights in the term MONDRIAN are licensed.

26. Copies of each contract to which Plaintiff is a party wherein any trademark rights in the term MONDRIAN are assigned.

27. Copies of each contract to which Plaintiff is a party wherein any trademark rights in the term MONDRIAN are pledged as security.

28. Documents sufficient to identify services rendered by Plaintiff under or in connection with the term MONDRIAN that are not responsive to any other request contained herein.

29. Documents sufficient to disprove or support each allegation in the Amended Complaint.

30. Documents that support or refute Defendants' defense of no damages asserted in this litigation.

31. Documents that support or refute Defendants' defense of no injunctive relief asserted in this litigation.

32. Documents that support or refute Defendants' affirmative defenses in this litigation.

33. Studies, surveys, investigations, research, development, analysis, or opinions concerning Defendants' use of the term MOND AT THE MUSEUMS as a trademark.

34. For any other each contract for services you assert was not obtained by Plaintiff as a result of the conduct Defendants, communications which establish the opportunity for Plaintiff to provide such goods and/or services and the declining of engagement by the third party.

35. Documents that support or refute that Oxberry General, L.L.C. does not and has not ever used any of the marks alleged in the Amended Complaint.

36. Documents that support or refute that Oxberry Financials, LTD. does not and has not ever used any of the marks alleged in the Amended Complaint.

37. Documents that support or refute that Pejman Jamea does not and has not ever used any of the marks alleged in the Amended Complaint.

38. Documents that support or refute that Shahin Jamea does not and has not ever used any of the marks alleged in the Amended Complaint.

39.     Documents that support or refute that Documented Transactions, Inc. does not and has not ever used any of the marks alleged in the Amended Complaint.

40.     Documents that contain and/or any recorded communications of any of the Defendants that relates to the allegations asserted by Plaintiff and/or defenses alleged by Defendants in this lawsuit.

41.     Documents the refer or relate to Plaintiff's trademark policing and enforcement efforts from 2014 to the present.