IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MORGANS GROUP LLC, | § | |
| | § | |
| *Plaintiff*, | § | |
| v. | § | |
| | § | |
| 5104 CAROLINE, L.L.C., | § | CIVIL ACTION NO. 4:19-CV-02809 |
| OX CAROLINE CONDOS, L.L.C., | § | |
| OXBERRY GENERAL, L.L.C., | § | |
| OXBERRY FINANCIALS, LTD., | § | |
| PEJMAN JAMEA, SHAHIN JAMEA, and | § | **JURY TRIAL DEMANDED** |
| DOCUMENTED TRANSACTIONS, INC., | § | |
| | § | |
| *Defendants*. | § | |

## DEFENDANTS' STATUS REPORT

For today's pretrial conference, Defendants provide the following updates and proposals.

***Settlement:***

Plaintiff has not made any settlement proposals since May 14, 2020, when Defendants rejected Plaintiff's last settlement demand. While Defendants are willing to discuss signing an agreement requiring it not to use Plaintiff's mark in future, Defendants' investigation has revealed: (1) Plaintiff's mark is weak; (2) there is no likelihood of confusion; and (3) Plaintiff's damages model is not supported by the documents Plaintiff produced in discovery. Defendants have concluded they will not agree to a settlement that requires Defendants to pay Plaintiff and wish to see this case resolved by summary judgment or trial.

***Document Discovery:***

On September 21, 2020, Plaintiff served its second document production, consisting of 3,083 documents, including 512 blank pages with "Technical Error" across the top and classifying

99.7% "confidential." Plaintiff's first document production, served on July 8, 2020, consisted of four documents total, one of which was marked "confidential."

On November 10, 2020, Defendants served supplemental document production following the Court's Discovery Order, segregating "relevant" and "irrelevant" documents, and the Federal Rules of Civil Procedure. The "relevant" set consists of 54,795 records, with 2.4% marked "confidential." With this production, Defendants believe they have fulfilled their document discovery obligations.

The parties have exchanged several emails regarding each side's confidential marking of documents. Once Defendants recognized that Plaintiff's marking of 99.7% of its documents as confidential would make it more difficult and expensive to litigate this case—to say nothing of the public's interest in open courts—it began making objections to Plaintiff's over-designation of documents. Plaintiff also challenged many of the 2.4% of Defendants' documents marked confidential. To narrow the parties' differences, Defendants proposed entering a simple acceptable use agreement restricting the use of documents produced to the litigation of this case, and Plaintiff agreed on November 19, 2020. Here are the terms of that agreement:

> 5014 Caroline, L.L.C., Ox Caroline Condos, L.L.C., Oxberry General, L.L.C, Oxberry Financials, Ltd., Pejman Jamea, Shahin Jamea, and Documented Transactions, Inc. ("Defendants") and Morgans Group LLC ("Plaintiff") (collectively, the "Undersigned Parties") hereby agree to restrict the use of discovery produced in this case for purposes of this litigation only.

After entering that agreement, Plaintiff removed the confidentiality stamps from over 90% of its documents, and Defendants removed confidential stamps from every document challenged by Plaintiff and more, over half of the documents Defendants previously classified confidential.

Nevertheless, Plaintiff maintains key documents setting forth its brand premium and describing the terms of its name-licensing deals should be treated as confidential in this litigation.[1] Because Plaintiff initially over-classified documents confidential and Plaintiff cannot reasonably expect to shield key damages evidence from the public in a case they brought, Defendants request that the Court order (1) ***both parties*** to remove confidential markings from all documents produced so far in this case, and (2) ***both parties*** to redact any social security numbers and tax ID numbers from documents previously marked confidential. The parties' acceptable use agreement provides sufficient protection from the parties' misuse of any confidential information contained in the documents.

The parties have exchanged numerous emails over the last two weeks narrowing their differences regarding document discovery. At this point, Defendants believe this case is ready for trial without additional document production.

***Depositions:***

Defendants are ready to conduct all depositions by the December 15 deadline set forth in the Court's July 14, 2020 Management Order (Dkt. 39).

Instead of just going forward, now Plaintiff is proposing ***an extension of 59 days*** to conduct fact-witness depositions when it already has ample opportunity to depose any fact witnesses it

---

1 On Saturday, November 21, 2020, Defendants challenged the confidentiality designations of two "Company Overviews" that set forth the "brand premium" for residences. Those documents are bates-labeled MORGANS00018908 and MORGANS00008563. In the same message, Defendants challenged the confidentiality designations of two memoranda setting forth terms of Defendants' historical licensing deals. Those documents are bates-labeled MORGANS00006299 and MORGANS00009788. On Saturday, November 21, 2020, Plaintiff responded in writing that it opposed Defendants' challenges of all four documents just identified. Defendants will be copies of these documents to today's status conference should the Court wish to review them in chambers.

wishes by the current deadline. Defendants also oppose this request because it is likely to drive up the costs of this litigation when there is no good cause for the additional time Plaintiff seeks.

Under these circumstances, Defendants propose that the Court order the parties to conduct two depositions per side, consisting of one corporate representative and one additional fact witness.

***Experts:***

Plaintiff has not disclosed an expert witness to Defendants, although Plaintiff has repeatedly represented to Defendants that it will hire one someday to support its royalty damages theory, under which Plaintiff would seek damages consisting of a percentage of gross condo sales plus ongoing payments for use of their mark. Under the Court's July 14, 2020 Management Order (Dkt. 39), the deadline for all depositions is December 15, 2020. That leaves insufficient time for Plaintiff to name experts in time for Defendants to have a chance to depose them, much less get an expert of their own to rebut Plaintiff's expert's opinions. Because Plaintiff's expert would provide opinions to support their royalty damages theory, Plaintiff has been in possession of the evidence necessary to support that theory for months, namely Defendants' gross condo sales and the terms of Plaintiff's own licensing deals. Accordingly, Plaintiff has no good cause for an extension to hire, disclose, and present an expert for deposition. Even so, Plaintiff proposed the following schedule for experts last Friday, November 30:

> 2. Expert Discovery Deadlines
>    a. Disclosures and reports shall be served by: **February 26, 2021**
>    b. Rebuttal disclosures and reports, if any, shall be served by: **March 19, 2021**
>    c. Expert depositions shall be taken by: **April 9, 2021**

Defendants oppose any extension of discovery deadlines to accommodate Plaintiff's failure to disclose an expert in time for a deposition by the deadline set forth in the Court's Management

4

Order. In any event, there is no need for experts in this case because Plaintiff can present the terms it has historically obtained in name licensing deals and allow the jury to determine if those terms are reasonable to apply in this case. For this reason, Plaintiff's failure to timely disclose an expert should not cause it any prejudice, but even if it did, it would be entirely Plaintiff's fault.

Defendants ask that Plaintiff not be given any extra time to hire experts. If Plaintiff does not designate an expert, Defendants will not either.

*Plaintiff's Motion for Sanctions*

On November 18, 2020, Plaintiff moved for sanctions against Defendants (Dkt. 53), and on November 20, 2020, Defendants filed their response (Dkt. 56), which has been temporarily restricted per Plaintiff's request. Defendants request that Plaintiff's sanctions motion be discussed at today's status conference and be denied for the reasons set forth in Defendants' response.

*Defendants' Motion for Summary Judgment:*

Defendants plan to file a motion for summary judgment, as the Court authorized it to do in its July 14, 2020 Management Order (Dkt. 39). Defendants request a briefing schedule to start one week after the December 15, 2020 depositions deadline set in the same Management Order (Dkt. 39). If Plaintiff wishes to file a motion for summary judgment, Defendants request it be given the same briefing schedule as Defendants.[2]

*Trial:*

Defendants request trial be set in 90 days. Plaintiff is opposed to this request.

---

[2] On November 20, 2020, Plaintiff proposed the following briefing schedule for dispositive motions: (1) Motions by April 30, 2020, (2) Responses by May 21, 2020, and (3) Replies by May 28, 2020. Defendants opposed.

**Respectfully submitted,**

                                                      */s/ Patrick Yarborough*
                                                      Patrick Yarborough
                                                      Attorney-in-Charge
                                                      State Bar No. 24084129
                                                      Fed. ID 2451377
                                                      pyarborough@azalaw.com
                                                      **AHMAD ZAVITSANOS ANAIPAKOS ALAVI & MENSING, P.C.**
                                                      1221 McKinney Street, Suite 2500
                                                      Houston, Texas 77010
                                                      T: 713-655-1101
                                                      F: 713-655-0062

                                                      **LEAD LAWYER FOR DEFENDANTS**

Of Counsel:

Kyril Talanov
State Bar No. 24075139
Fed. ID 1138505
ktalanov@azalaw.com
John Zavitsanos
State Bar No. 22251650
Fed. ID 9122
jzavitsanos@azalaw.com
**AHMAD ZAVITSANOS ANAIPAKOS ALAVI & MENSING, P.C.**
1221 McKinney Street, Suite 2500
Houston, Texas 77010
T: 713-655-1101
F: 713-655-0062

*/s/ Paul S. Beik*
Paul S. Beik
Texas Bar No. 24054444
Fed ID 642213
**BEIK LAW FIRM, PLLC**
paul@beiklaw.com
8100 Washington Ave., Suite 1000
Houston, TX 77007
T: 713-869-6975
F: 713-868-2262

**CERTIFICATE OF SERVICE**

      I certify that November 23, 2020, a true and correct copy of the foregoing was served electronically through the electronic filing manager to all counsel of record in accordance with the Federal Rules of Civil Procedure.

                                                      */s/ Patrick Yarborough*
                                                     Patrick Yarborough